## COMMONWEALTH *vs.* SPENCER PETTES.

Under the Gen. Sts. c. 168, § 5, one who procures a felony to be committed in a county of this Commonwealth by means of letters written elsewhere, can be convicted in that county as an accessory before the fact.

Upon a criminal trial, an expert, having testified for the prosecution that certain letters material to the issue were in the defendant's handwriting, was, on cross-examination, shown other and immaterial letters and asked if these were in the defendant's handwriting. He declined to express an opinion without further time for their examination,

and the court refused to allow the defendant to put them in evidence.  *Held*, that, the extent to which they might be used being in the discretion of the court, their rejection was not a subject of exception.

INDICTMENT against the defendant for being, March 17, 1871, at Boston, in the county of Suffolk, an accessory before the fact to the uttering by one Holden of the following forged certificate of deposit : " Taunton, Mass., March 18th, 1871.   Mrs. Martha Woodford has deposited in the Merchants' National Bank of Taunton, Mass., ten thousand one hundred and fifty-two dollars to the credit of M. Bolles & Co., payable on return of this certificate properly indorsed.   B. C. Vickery, Cashier."

At the trial in the Superior Court, before *Bacon*, J., it appeared that the forged certificate was uttered by Holden to Bolles & Co., at Boston, March 18, 1871.   The evidence against the defendant was that he wrote the following letters signed H. J. Woodford :

" Taunton, March 14th, 1871.   Matthew Bolles & Co. : Dear Sirs, — Will you please remit me pamphlet, and such other information as you have, regarding the Northern Pacific R. R. Bonds, as I desire to invest in them if I think favorably of them, also the lowest cash price, and if there is any preëmption on their lands. An early answer will oblige yours, respectfully, H. J. Woodford."

" Taunton, March 16, 1871.   Matthew Bolles & Co. : Dear Sirs, — Your letter of yesterday with packages came duly to hand. I have some $10,800, to invest for the benefit of my nephews, and so far I think favorably of the N. P. R. R. Bonds as an investment.   I was under the impression that the price would not exceed par from date, but if accrued interest is payable in currency, 't will about equalize it.   I will give the matter careful consideration to-day and let you know what amount I will want some time to-morrow.   If there is anything further you may want to suggest, you may send by bearer.   If possible I will come up myself. Yours, respectfully, H. J. Woodford."

" Taunton, March 17th, 1871.   Matthew Bolles & Co. : Dear Sirs, — After due consideration I have concluded to purchase for investment $10,000 N. P. R. R. Bonds $7\frac{3}{10}$ per cent. for the benefit of my nephews.   Your son explained to my clerk the advantages of the Burlington & Cedar Rapids & Minnesota R.

R. Bonds, whose pamphlet you sent me — and which I carefully read — as an investment, at present prices; but as for this special investment, I prefer the N. Pacific, as they are convertible into land any time within 5 years at ten per cent. premium, and in case my nephews should go West, would be a great advantage. Please send me per bearer, Mr. Holden, my clerk, a memorandum of the amount with accrued interest, and I will call on you to-morrow (Saturday) and close the purchase. Yours, respectfully, H. J. Woodford."

" Taunton, March 18th, 1871. Mr. Bolles & Co.: Dear Sirs, — I inclose you per Mr. Holden, certificate of deposit from my sister in law for ten thousand one hundred and fifty-two dollars ($10,152), in payment for $10,000 N. P. R. R. Bonds. Which you will please deliver to bearer in denominations of $1000 each, and oblige yours, respectfully, H. J. Woodford."

It did not appear that the defendant had prior to the uttering been in Taunton, which is in the county of Bristol, or in Boston. And there was no evidence to show that the letters were written in the county of Suffolk. The letter dated March 14, was sent from Taunton by mail to Bolles & Co. in Boston. The others were delivered to them by Holden.

The defendant asked the court to instruct the jury, " that inasmuch as the accessory acts were alleged as having been committed at Boston, the jury must find, in order to convict the defendant, that such acts, or some of them, were committed within the county of Suffolk." The court refused so to rule, and instructed the jury " that the writing of the letters in question beforehand would constitute accessory acts, no matter where written, if written for the purpose of aiding in passing the forged check, and that if the effect of the accessory acts reached Boston where the forged check was passed, then the allegation that such acts were committed at Boston was sustained by proof of their commission anywhere in the world, whether without or within the county of Suffolk."

One Cooper testified on behalf of the prosecution, as to certain negotiations that he, as agent of Bolles & Co., had had with the defendant for the recovery of the bonds procured from Bolles &

Co. by means of the forged certificate. On cross-examination he testified that he had written, while the negotiations were going on, two letters, which were shown to him, to the defendant.

One Phippen, an expert in handwriting, testified on behalf of the prosecution that the letters dated at Taunton and signed " H. J. Woodford " were in the defendant's handwriting. On cross-examination he was shown the two letters written by Cooper to the defendant, and was asked if they were not in the same handwriting as the writings admitted to be the defendant's which had been used by him as a standard of comparison in his testimony as to the Taunton letters. He answered that he must decline to give an opinion without time for the examination of the letters out of court; that he had before the trial spent much time in examining and comparing the writings offered by the government. The counsel for the defendant said he had no objection to the witness's taking all the time he wanted for examination, but did not ask him to examine the letters and give his opinion at a later stage of the case, or offer to recall him, or ask the court for delay.

The defendant offered to introduce the two letters written by Cooper as material and competent evidence in the case, especially as they had been shown Phippen for the purpose of testing his knowledge of handwriting, and also as showing the relation existing between Cooper and the defendant in the negotiation for the recovery of the bonds.

The court ruled " that the letters were competent evidence if offered for the purpose of contradicting Cooper, but on no other ground or for any other purpose, and they were accordingly excluded, they not being so offered by the defendant.

The jury returned a verdict of guilty, and the defendant excepted.

*H. D. Hyde,* (*J. H. Bradley* with him,) for the defendant.

*C. R. Train,* Attorney General, *& W. G. Colburn,* Assistant Attorney General, for the Commonwealth.

GRAY, C. J. The acts, relied on to charge the defendant as accessory before the fact, consisting of letters written elsewhere for the purpose of assisting in passing the forged check, but received in the county of Suffolk and having effect there, those acts

were in intendment of law committed in the county of Suffolk, and might be so alleged in the indictment. Gen. Sts. *c.* 168, §§ 4, 5. *Commonwealth* v. *Blanding*, 3 Pick. 304. *Commonwealth* v. *Gillon*, 2 Allen, 502. *Commonwealth* v. *Smith*, 11 Allen, 243. *Commonwealth* v. *Macloon*, 101 Mass. 1. The instructions on this point were apt and sufficient.

The letters of the witness Cooper were incompetent as independent evidence. They were not offered to contradict Cooper. And the extent to which they should be admitted for the pur pose of affecting the credibility of Phippen was within the dis cretion of the presiding judge, and not a subject of exception.

*Exceptions overruled.*